PULFORD and others, Appellants, vs. WHICHER and others, Respondents.

*April 12 — May 1, 1894.*

*Tax titles: Limitation of actions.*

Where a tax-title claimant obtains possession of the land in his own right, and not by fraud or collusion with a tenant of the former owner, the statute of limitations runs in his favor and against such former owner.

APPEAL from the Circuit Court for *Juneau* County.

The action was brought to set aside certain tax deeds, and for an accounting for the rents and profits of the premises, and for an application of the rents and profits to the redemption of the interests of the infant plaintiffs therein. At the time when the tax deeds issued, the plaintiffs all were, and two of them still are, infants. Their father, *J. Wood Pulford*, had an estate of curtesy in the premises. He had removed from the premises and from the state. One William Straight occupied the premises as his tenant. Straight left the premises, and the defendant *Laura A. Bunce*, who then owned the tax title, entered into them in April, 1881, and has occupied them ever since. The plaintiffs claim that Straight turned over his possession, by arrangement, to *Mrs. Bunce*, and that she stands in Straight's place as tenant to *Pulford*, the life tenant, and her possession is his possession; so that the statute of limitations ran against, instead of in favor of, her tax deed, as was held on the former appeal. 76 Wis. 555. On the part of the defendants it is claimed that *Mrs. Bunce* obtained possession by adversary proceedings, and not by any arrangement or collusion with Straight. This is the issue which was tried. All the questions in the case depend upon its decision. The testimony was conflicting and contradictory.

Day vs. Mertlock.

The trial court found the issue for the defendants. The plaintiffs appeal.

For the appellants there was a brief by *Winsor & Winsor,* and oral argument by *F. Winsor.*

*H. W. Barney,* attorney, and *A. L. Sanborn,* of counsel, for the respondents.

NEWMAN, J. The trial court found, upon conflicting testimony, that there was no fraud or collusion on the part of the defendants with Straight in obtaining possession of the premises. This finding is certainly not so clearly against the weight of evidence as to justify its reversal by this court. The validity of the tax deeds is not questioned. The tax-title claimant, being in possession of the premises in her own right, and not as tenant of *Pulford,* the statute of limitations runs in her favor and against the former owner. The title of *Mrs. Bunce* to the premises is fully established. It follows, without saying, that there is no case for an accounting of rents and profits. Nor are there rents and profits to be applied in redemption of the premises from tax sales.

*By the Court.*— The judgment of the circuit court is affirmed.

PINNEY, J., took no part.